## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01850-WDM-CBS

BROOMFIELD SKILLED NURSING AND
REHABILITATION CENTER, LLC, and
THE ESTATE OF LENA HARMS

      Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPANY AND
LUCENT TECHNOLOGIES, INC.

      Defendants.

---

## PROTECTIVE ORDER

---

      The Court having considered the parties' request for a Protective Order, and for good

cause shown, IT IS HEREBY ORDERED, pursuant to FED. R. Civ. P. 26(c):

The undersigned parties agree to the following Protective Order:

## DEFINITIONS

1.     "Confidential Information" is defined as any material designated "Confidential" or any

material which contains "Confidential Health Information," which may include but is not limited

to material so designated or appearing in:  (1) "documents"; (2) "discovery responses"; (3)

pleadings; or (4) "testimony."  "Documents" include all writings, recordings and photographs as

defined by Federal Rule of Evidence 1001, including originals and all copies thereof, in

whatever form maintained or produced.  "Discovery responses" include "documents" produced

in response to Requests for Production, or by agreement of the parties, responses to

Interrogatories, and responses to Requests for Admission.  "Testimony" includes all testimony

given under oath in this proceeding, all transcripts, recordings or videotapes thereof, and all

"documents" referred to therein.

2.      A "Designating Party" is the party who designates material as "Confidential."

3.      A "Disclosing Party" is any party or person who discloses, in any manner whatsoever,

any "Confidential Information."

4.      The "Agreement" is the Agreement attached hereto as Exhibit "A."

5.      The "Court" refers to the undersigned Court governing this proceeding.

6.      "Permitted Persons" are:

        a.      named counsel of record for the parties to this litigation, partners, and
        shareholders and employees of counsel of record and their firms who are assisting in
        prosecution or defense of this litigation, each of whom shall be required to sign the
        Agreement prior to any disclosure;

        b.      the parties and officers and employees of the parties to this litigation, to the
        extent reasonably necessary for the evaluation and prosecution or defense of claims in
        this litigation and/or in conjunction with an audit conducted by or on behalf of Plaintiff
        or Defendant herein, each of whom shall be required to sign the Agreement prior to any
        disclosure;

        c.      expert witnesses or consultants and their employees who are assisting them, who
        have been engaged by counsel for a party to assist in prosecution or defense of this
        action, each of whom shall be required to sign the Agreement prior to any disclosure;

        d.      court reporters, each of whom shall be required to sign the Agreement prior to
        any disclosure;

        e.      a mediator and/or arbitrator(s) selected or agreed-upon by the parties who shall
        be required to sign Exhibit "A" prior to any disclosure;

        f.      the Court and its staff, under such safeguards as the Court may direct;

        g.      in-house attorneys for a party who are actively working on this action, each of
        whom shall be required to sign the Agreement prior to any disclosure;

        h.      senders or recipients of the original document who are specified on the face of
        the document if, in the reasonable and good faith belief of the party's counsel, it is

necessary for legitimate discovery or litigation purposes, each of whom shall be required to sign the Agreement prior to any disclosure; and

i.      a witness who is an employee of a Designating Party, only when he/she is to be questioned regarding information the Designating Party has designated as "Confidential" from the Designating Party and only on such terms and conditions as the parties may agree to in writing, each of whom shall be required to sign the Agreement prior to any disclosure;

j.      any other persons, on such terms and conditions as the parties may agree to in writing, or as directed by further Order of the Court, each of whom shall be required to sign the Agreement prior to any disclosure.

7.      "Disclosure," "disclose," "disclosed" and "disclosing" mean disclosure in any way or

manner, including but not limited to allowing any review of "Confidential Information" by

persons not authorized by this Order to review it, or by verbally or in any written form either

directly or indirectly communicating the content or substance of any "Confidential Information"

to persons not authorized by this Order to review it.

## SCOPE OF ORDER

Except as otherwise ordered by the Court, this Order shall apply to all "Confidential

Information."

8.      "Confidential Information" must be used solely and exclusively for purposes of this case,

including any mediation or arbitration of this case, and then only in accord with the provisions of

this Order.  Such information may not be used in or for other cases, proceedings or disputes, or

for any commercial, business, competitive or any other purpose.

9.      Nothing in this Order shall be deemed to restrict in any way the use of any document or

other information that is lawfully obtained by or publicly available to a party independent of

discovery in this litigation.  This Order is not intended to restrict the parties' ability to: (a) move

for additional relief; (b) move to add additional individual plaintiffs or putative class members if

otherwise permitted by the Court, or (c) oppose the addition of any requested additional relief,

individual plaintiffs or putative class members.

## PROCEDURE FOR DESIGNATING "CONFIDENTIAL INFORMATION"

10     Any party may designate information provided by that party as "Confidential" under the

following conditions:

> a.     Material may be designated "Confidential" when a party reasonably and in good faith believes that it contains financial, proprietary, technical, commercial or competitively sensitive information or trade secrets, the disclosure of which might harm the competitive position or business interests of the Designating Party, including, but not limited to, information which is not known to the general public and/or the Designating Party's competitors in the industry, and which gives the Designating Party a competitive advantage.  Material containing this type of "confidential" information may be labeled "Confidential—Business."

> b.     Material may also be designated "Confidential" when it contains personal information which is of a nature which, if disclosed, could invade the legitimate privacy interests of the person to whom the document pertains.  This includes "Confidential Health Information," without regard to whether the material has been designated "Confidential," that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of that individual, the provision of health care to that individual, or the past, present, or future payment for the provision of health care to that individual. "Confidential Health Information" specifically includes "Protected Health Information" ("PHI"), as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant Health Insurance Portability and Accountability Act of 1996, *see* 45 C.F.R. §§ 160.130 ("health information'"), 164.501 ("individually identifiable health information"), and thus, includes, without limitation medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, and also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.  Material containing this type of "confidential" information may be designated as "Confidential – PHI."

11.     The designation may be done by any of the following methods:

a.      "Confidential Information" contained in a "document," a "discovery response" or a pleading may be designated as such by stamping or otherwise marking the page of the "document," "discovery response" or pleading containing the "Confidential Information" with a "Confidential" notation.

b.      "Confidential Information" revealed in a deposition, trial or other testimony, whether by way of question, answer or exhibit, may be designated "Confidential" or by either noting the claim of confidentiality pursuant to this Order on the record at the time of the testimony, or by making such a claim within thirty (30) days of receipt of the transcript by the deponent/witness, by designating in writing which portions of the transcript and/or accompanying exhibits are "Confidential."  All transcripts shall be treated as if they contain "Confidential Information" until at least thirty (30) days after receipt of the transcript by the deponent/witness.

12.     Any portions of pleadings or other documents containing "Confidential Information" which are filed with the Court shall be labeled "Confidential" and filed under seal.

13.     A copy of each signed Agreement must be maintained by counsel of any disclosing party, and copies of the Agreements shall be forwarded to the Designating Party's counsel upon request, except as to Agreements signed by purely consulting experts.  Agreements signed by purely consulting experts shall be maintained by any disclosing party securing their signature on the Agreement.

14.     The "Confidential Information" may be used at any mediation, pre-trial or pre-arbitration hearing or proceeding or at trial or arbitration, subject to any additional Protective Orders which the Court or arbitrator may enter and the terms set forth within this Order.

15.     "Confidential Information" which is inadvertently disclosed may subsequently be designated as "Confidential" by notifying counsel for the party to whom the material was disclosed, in writing, of the inadvertent nature of the disclosure.  Such material shall be treated as "Confidential Information" subsequent to the notification of the inadvertent disclosure.

## PROCEDURE FOR CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION"

16.     Any party who wishes to challenge another party's designation of information as

"Confidential" shall proceed as follows:

> a.      Counsel shall confer in a good faith effort to resolve any disagreement as to the use or designation of information as "Confidential";
>
> b.      If the conference fails, the challenging party may file an appropriate motion with the Court which identifies by category and/or document number (Bates-label) the information as to which relief is sought;
>
> c.      Until the motion is ruled upon by the Court, any designation of "Confidential" shall remain in full force and effect and the information so designated shall be treated as "Confidential Information" in accord with this Order.

17.     A failure to challenge the propriety of a designation of "Confidential" at the time the

designation is made shall not preclude or detract from a subsequent challenge.

## PROCEDURE FOR DISCLOSURE AND USE OF "CONFIDENTIAL INFORMATION"

18.     Except with the prior written consent of the Designating Party, material designated as

"Confidential" may not be disclosed in any way, except to the "Permitted Persons," each of

whom shall be required to sign the Agreement prior to any disclosure.

19.     It is the responsibility of counsel for each party to maintain material designated as

"Confidential" obtained from any Designating Party in a secure manner, so as to allow access

only to "Permitted Persons."

20.     Prior to any disclosure of "Confidential Information" in a deposition, all persons in

attendance shall be alerted to the impending disclosure.  Non-"Permitted Persons" shall be

excused.  "Permitted Persons" shall be given a copy of this Order and shall sign the Agreement

before the deposition is continued.  Failure to follow this procedure is not a waiver of any party's

right to designate the transcript and accompanying exhibits as "Confidential Information."  The

court reporter shall return the original deposition transcript and all notes used for making the

transcript in a sealed envelope marked "Confidential" to the attorney noticing the deposition.

21.     All "Confidential Information" that is submitted to the Court or an arbitration or used in

any proceeding before the Court or an arbitrator shall remain subject to this Order.  A party

desiring to use information designated as "Confidential" in any proceeding before the Court or

an arbitrator in a fashion that would reveal its contents to non-Permitted Persons in the case of

information designated as "Confidential" shall provide the Designating Party with at least ten

(10) days' notice of that intent, to enable the Designating Party to seek any additional protection

that it may desire.

22.     In the event that any "Confidential Information" is used in good faith in any litigation or

arbitration proceeding in this action where a party requests the Court to act based, in whole or in

part, on the Information provided to the Court or an arbitrator, such Information shall lose its

status as "Confidential Information" for purposes of that proceeding only and in connection with

a party's use of such Information in that proceeding, and subject to the provisions in para. 21

above.  The parties shall, however, abide by the terms of this Order and shall take all reasonable

steps to maintain the confidentiality of such Information for all other purposes.

## MISCELLANEOUS

23.     Nothing in this Order shall be interpreted as limiting a party's obligation to produce

discoverable information.  This Order is intended to permit production of information, and is

without prejudice to the right of any party to apply to the Court for any further order of

7

protection which it believes necessary or to object on any appropriate grounds to any discovery requests.

24.     The inadvertent or unintentional disclosure of "Confidential Information" shall not be construed as a waiver of the producing party's claim of confidentiality as to the specific information disclosed or as to any related information.

25.     Designation of any information as "Confidential" shall have no effect with respect to any substantive or evidentiary issues in this proceeding, and the designation or attempt to designate any information as "Confidential" shall not be admitted in evidence in this proceeding.

26.     The parties may by written stipulation provide for exceptions to this Order.

27.     Nothing in this Order shall preclude a party from seeking modification of this Order.

28.     Neither the termination of this litigation nor the termination of employment of any person who had access to any "Confidential Information" shall relieve any person from the obligation to adhere to the restrictions on use of "Confidential Information" set forth in this Order and the Agreement.

## PROCEDURE AFTER RESOLUTION

29.     Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient or returned to the Designating Party, at the election of the Designating Party.  All notes, drafts, memoranda, documents, work papers and other materials prepared by attorneys or experts that contain or reflect the content of any "Confidential Information" may be destroyed or retained by the attorneys or the experts, but if retained must be treated in accord with this Order.

8

30.     The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

31.     The Court will retain jurisdiction, both before and after entry of final judgment in this case, to construe, enforce and amend the provisions of this Order.

### ENFORCEMENT

32.     Except as otherwise provided herein, all parties and persons to whom "Confidential Information" is disclosed are enjoined from using "Confidential Information," except in conjunction with prosecution of claims or defenses in this litigation, and are further enjoined from disclosing "Confidential Information" to any other person, except in accord with the provisions of this Order.

33.     Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

DATED at Denver, Colorado, this 19th day of January, 2007.

                                        BY THE COURT:


                                         *s/Craig B. Shaffer*
                                        Craig B. Shaffer
                                        United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-CV-01850-WDM-CBS

BROOMFIELD SKILLED NURSING AND
REHABILITATION CENTER, LLC, and
THE ESTATE OF LENA HARMS

      Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPANY AND
LUCENT TECHNOLOGIES, INC.

      Defendants.

---

**EXHIBIT "A" AGREEMENT**

---

      I have read the Agreed Protective Order concerning the records and testimony produced

by the respective parties in the case of CIVIL ACTION NO. 06-cv-01850 WDM-CBS;

*Broomfield Skilled Nursing and Rehabilitation Center, LLC and the Estate of Lena Harms v.*

*United HealthCare Insurance Company and Lucent Technologies, Inc.*, in the United States

District Court for the District of Colorado, and agree to abide by its terms.  I further agree to

submit to the jurisdiction of the United States District Court for the District of Colorado, in that

matter, for purposes of enforcement of the Agreed Protective Order, and any ancillary

proceedings regarding its interpretation, enforcement or effect.

SIGNED this _____ day of _____, 2007.

_____

Name

Address: _____

_____

_____

Phone No.: _____

11

4498986v.1